*Forbes Constr., Inc. v. Lennon*, No. 74-2-14 Bncv (Wesley, J., July 30, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Bennington Unit | Docket No. 74-2-14 Bncv |

Forbes Construction, Inc. vs. Lennon et al

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss Benjamin Lennon (Motion 4)
Filer:        Kali Lennon
Attorney:     Lloyd J. Weinstein
Filed Date:   April 25, 2014

Response filed on 05/09/2014 by Attorney Christopher J. Larson for Defendant Robert Forbes
Response filed on 07/23/2014 by Attorney Christopher J. Larson for Defendant Robert Forbes
Response filed on 07/23/2014 by Attorney Christopher J. Larson for Defendant Robert Forbes

### Decision and Order
### Denying Defendant's Motion to Dismiss

Plaintiff sued Defendants to recover money owed under a construction contract. Benjamin Lennon moved to dismiss the claims under V.R.C.P. 12(b)(6) against him because he does not own the property involved in the suit and did not participate in the contract. Plaintiff opposed the motion arguing it pled valid causes of action and that the motion to dismiss turned on facts outside of the scope of the matters alleged in the pleadings. On June 23, 2014, the Court determined Benjamin Lennon relied on facts outside of the pleadings and ordered him to further support his motion to dismiss as required for a motion for summary judgment under V.R.C.P. 56. See, V.R.C.P.12(c).

On July 14, 2014, Benjamin Lennon submitted a nearly identical motion to dismiss and a statement of undisputed facts. The statement of undisputed facts referred to the memorandum supporting the motion to dismiss as the basis for establishing proof of the facts, but did not cite to any portion of the record by which such facts are established by admissible evidence. On July 23, 2014, Plaintiff opposed the motion. Plaintiff argued the statement of undisputed facts was insufficient and there are disputed facts.

The Court denies Benjamin Lennon's motion because he failed to comply with V.R.C.P. 56(c). A party must support a motion for summary judgment with a statement of undisputed facts. V.R.C.P. 56(c)(1). The statement of undisputed facts must contain citations to the record, consisting of references to particular sources with evidentiary significance. V.R.C.P. 56(c)(1)(A). The Court may disregard facts that are not properly supported. *See* V.R.C.P. 56(c)(3); *Clayton v. Unsworth*, 2010 VT 84, ¶ 28, 188 Vt. 432. Citation to a memorandum of law is not sufficient to establish a fact in the record. Thus, Benjamin Lennon cannot show undisputed facts and cannot sustain a motion for summary judgment.

## Order

The Court **DENIES** Defendant's motion to dismiss.

Electronically signed on July 30, 2014 at 03:43 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Christopher J. Larson (ERN 3600), Attorney for Plaintiff Forbes Construction, Inc.
Lloyd J. Weinstein (ERN 6012), Attorney for Defendant Kali Lennon
Lloyd J. Weinstein (ERN 6012), Attorney for Defendant Benjamin Lennon
Christopher J. Larson (ERN 3600), Attorney for Defendant Robert Forbes